IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OKSANA CLEM,

      Plaintiff,

  v.

BARNEYS NEW YORK, INC.,

      Defendant.
_____/

No. C 11-3952 CW

ORDER CONCERNING PLAINTIFF'S COUNSEL'S NOTICE OF SUBSTITUTION AND THE PARTIES' OVERDUE MEDIATION

On June 14, 2012, Plaintiff's counsel filed a notice of substitution, seeking to withdraw as counsel in this action and let Plaintiff represent herself, as well as a notice asserting a lien against any recovery obtained by Plaintiff for the value of his services.  In response, the Court issued an order stating that it would not allow the substitution of Plaintiff in pro per until after she and her counsel have attempted in good faith to mediate the case.  At that time, a mediation was scheduled for June 19, 2012 at 10:00 am.

On June 18, 2012, at about 2:41 pm, Plaintiff's counsel filed a document captioned, "Ex parte application re substitution of counsel & mediation attendance."  Plaintiff's counsel did not make a specific request or submit a proposed order, but informed the Court that Plaintiff would be unable to attend the June 19, 2012 mediation session, and stated that he would attend unless the Court ordered otherwise.  At about 4:00 pm on the same day, counsel for Defendant submitted an ex parte application to postpone the mediation.  Shortly thereafter the ADR Department

issued notices canceling the mediation and scheduling an ADR telephone conference call with the parties on June 25, 2012 at 2:30 pm.  On June 19, 2012, the ADR Department cancelled the June 25, 2012 telephone conference.

The Court's case management order set a deadline for the parties to complete court-connected mediation by April 12, 2012. Docket No. 21.  The mediator Jonathan Gross was assigned in December 2011, but the parties delayed mediation until a date was set for April 16, 2012.  The mediation was then rescheduled on April 3, 2012, May 18, 2012 and again on June 18, 2012.  During this time, the parties have never submitted a stipulated request to extend the Court's deadline, as required by this Court's Local Rule 6-1(b).

As the Court previously ordered, substitution of counsel will not be granted until the parties have participated in good faith in mediation.  The ADR department shall reinstate the ADR phone conference for June 25, 2012 at 2:30 pm or shortly thereafter. The parties, including Plaintiff's counsel and Plaintiff herself, shall participate in the conference and shall promptly reschedule the mediation.  If Plaintiff does not participate personally in the phone conference, this action will be dismissed for failure to prosecute.  If Plaintiff agrees to a mediation date and then does not appear, the case will be dismissed for failure to prosecute and Plaintiff will be ordered to pay Defendant's attorney's expenses.  On June 26, 2012, the parties shall submit a joint status report indicating the date and time of their mediation.

Plaintiff's counsel shall serve a copy of this order on Plaintiff, as well as any instructions by ADR about participation

2

```
 1  in the telephone conference and copies of all future filings on
 2  the electronic docket, including text entries.  The clerk shall
 3  serve a copy of this order on the ADR department and the mediator.
 4       IT IS SO ORDERED.
 5
 6  Dated:  6/20/2012                  _____
                                       CLAUDIA WILKEN
 7                                     United States District Judge
 8
 9
10  cc: ADR; Jonathan Gross
```