IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OKSANA CLEM, | No. C 11-3952 CW |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS |
| v. | (Docket No. 45) |
| BARNEYS NEW YORK, INC., | |
| Defendant. | |

Defendant Barneys New York, Inc. moves to dismiss Plaintiff Oksana Clem's complaint for failure to prosecute under Rule 41(b) and for failure to cooperate in discovery under Rule 37(d). Plaintiff, proceeding pro se, has not filed an opposition. For the reasons set forth below, the Court grants the motion.

BACKGROUND

Ms. Clem was terminated from her employment as a sales clerk at Barneys in January 2011. Compl. ¶ 33, Docket No. 1. On August 11, 2011, she filed a complaint in this Court charging Barneys with wrongful termination, conversion, fraud, defamation, and numerous violations of the California Fair Employment and Housing Act, Cal. Gov't Code § 12940 et seq., and the California Labor Code. Id. ¶¶ 35-140.

In June 2012, after the parties failed to meet the Court's April 2012 deadline for court-connected mediation, Plaintiff's counsel sought to withdraw from the case. Notice of Substitution of Counsel, Docket No. 24. On June 15, the Court ordered that counsel's request to withdraw would not be granted until the parties had first attempted to mediate the dispute in good faith,

as required by the Court's original case management order. Docket No. 27. The Court instructed Plaintiff's counsel to participate in the upcoming mediation scheduled for June 19. Id. On the afternoon of June 18, however, Plaintiff's counsel notified the Court that Plaintiff would not be able to attend the mediation. Docket No. 28. He offered no excuse for Plaintiff's inability to attend. Id. The ADR department canceled the mediation and set a phone conference for the following week so that the parties could reschedule. Docket No. 30.

On June 20, 2012, the Court issued an order directing Plaintiff to participate in the phone conference and to attend the rescheduled mediation. Docket No. 31, at 2. The order specifically noted that if Plaintiff failed to participate in either the phone conference or the mediation, her case would be dismissed for failure to prosecute. Id. The parties rescheduled and attempted to mediate the case the following month but failed to resolve their dispute. Docket No. 37. Two weeks later, on July 31, the Court granted Plaintiff's counsel's request to withdraw and stated in its order, "If Plaintiff wishes to pursue this litigation, she will have to retain new counsel or represent herself in pro per." Docket No. 39, at 1. The Court also stated that Plaintiff's failure to appear at the next Case Management Conference would result in her case being dismissed for failure to prosecute. Id. at 2. Pursuant to this instruction, Plaintiff appeared at the CMC on August 29, 2012, representing herself. Docket No. 44. At the CMC, the Court set a fact discovery deadline of October 26, 2012, and a deadline for filing

2

dispositive motions of November 29, 2012.  Id.  The Court also denied Plaintiff's request to appoint counsel.  Id.

On September 4, 2012, Defendant's counsel emailed Plaintiff to schedule her deposition and to request that she supplement her discovery responses and disclosures pursuant to Rule 26. Declaration of Harold M. Brody ¶ 11.  When Plaintiff failed to respond, Defendant's counsel emailed Plaintiff again on September 10.  Id. ¶ 12.  This time, Plaintiff responded by stating that she would not appear at any deposition without counsel.  Id. ¶¶ 12-13. Defendant's counsel replied on September 12, asserting that Plaintiff's "response was unacceptable and contrary to the representations she made at the CMC that she would represent herself."  Id. ¶ 14.  The email also included an attached Notice of Deposition that set Plaintiff's deposition for October 2.  Id. After Plaintiff failed to respond to the notice, Defendant's counsel emailed Plaintiff again on September 22 to tell Plaintiff that if she failed to respond by September 24, he would assume that she refused to attend the deposition.  Id.  Defendant's counsel also notified Plaintiff that her failure to respond would prompt him to file a motion to dismiss.  Id.  Despite this warning, Plaintiff again failed to respond.  Id. ¶ 19.

On September 27, Defendant's counsel emailed Plaintiff to confirm his understanding that she would not be attending the noticed deposition and to notify her that he was canceling the deposition.  Id. ¶ 17.  In his email, Defendant's counsel also sought to schedule a telephone conference to discuss outstanding discovery issues.  Id.  Defendant's counsel then tried to reach

3

1 Plaintiff by phone that same day but did not receive an answer.
2 Id. ¶ 18.

3 On October 8, Defendant filed this motion to dismiss. As of that date, Plaintiff had not communicated with Defendant's counsel since her September 10 email. Id. ¶ 19.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 41(b), a district court may dismiss a case if "the plaintiff fails to prosecute or to comply with these rules or a court order." Similarly, Rule 37(d) permits the court to impose sanctions, including dismissal, for various reasons, including a party's failure to appear for a noticed deposition. In either case, "[b]efore imposing dismissal as a sanction, the district court must weigh several factors: the public's interest in expeditious resolution of litigation; the court's need to manage its docket; the risk of prejudice to the defendants; the public policy favoring disposition of cases on their merits; and the availability of less drastic sanctions." Dahl v. City of Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996).

A dismissal for failure to prosecute is generally with prejudice and operates as an adjudication on the merits for purposes of preclusion. See Fed. R. Civ. P. 41(b); In re Schimmels, 127 F.3d 875, 884 (9th Cir. 1997); Johnson v. U.S. Dep't of the Treasury, 939 F.2d 820, 825 (9th Cir. 1991). Because this is such a harsh remedy, the district court should first consider less drastic alternatives to dismissal with prejudice. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). The court should also consider the strength of a plaintiff's case, if such

4

information is available, because the harshness of a dismissal is directly proportionate to the likelihood that the plaintiff would prevail if permitted to go forward. Id. at 1178-79. When the district court raises the issue of Rule 41(b) dismissal sua sponte, it must warn the plaintiff before dismissing the suit; however, "[t]here is no warning requirement when dismissal follows a noticed motion under Rule 41(b)." Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991).

## DISCUSSION

The Court recognizes that it must be "sensitive to the challenges faced by pro se litigants unfamiliar with the judicial process," particularly on a motion to dismiss for failure to prosecute. Redmond v. S.F. Police Dept., 2010 WL 2573978, at *5 (N.D. Cal). For precisely this reason, the Court has warned Plaintiff on three separate occasions that her case would be dismissed if she continued to ignore her responsibilities in this litigation. Docket Nos. 31, 36, 39. Despite these warnings, however -- and the additional notice provided by Defendant's motion -- Plaintiff continues to neglect her duty to comply with court rules and to prosecute her case with "reasonable diligence." Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). This ongoing neglect makes dismissal an appropriate sanction in this case.

The first two factors of the Rule 41(b) standard -- the public's interest in expeditious litigation and the court's interest in managing its docket -- both weigh in favor of dismissal here. Plaintiff's unwillingness to attend her noticed deposition and failure to respond to other discovery requests has

5

frustrated the Court's original October 26 discovery deadline. Indeed, discovery has been stalled since the Court issued its revised scheduling order in late August.  Now, with the deadline for dispositive motions fast approaching and Defendant still unable to take discovery, Plaintiff's non-responsiveness threatens to further undermine the Court's scheduling order and delay these proceedings.  Accordingly, Plaintiff's continued recalcitrance justifies dismissal here under the first two Rule 41(b) factors. Cf. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (holding that regular delays and "routine noncompliance of litigants" frustrate the public's interest in expeditious litigation and the court's control over its docket).

　　　　Similarly, Plaintiff's unwillingness to provide a valid justification for her noncompliance also weighs in favor of dismissal under the third factor of the Rule 41(b) analysis.  The Ninth Circuit has recognized that a defendant suffers prejudice when a plaintiff consistently delays litigation and disregards court orders without providing a legitimate reason for doing so. Yourish v. Cal. Amplifier, 191 F.3d 983, 991-92 (9th Cir. 1999) (holding that the plaintiff's "paltry excuse" for noncompliance with the court's order "indicates that there was sufficient prejudice to Defendants from the delay that this factor also strongly favors dismissal").  Here, Plaintiff's only excuse for flouting the Court's scheduling order and refusing to cooperate with opposing counsel is that she will not sit for a deposition without a lawyer.  Brody Decl. ¶ 13.  Even if this were an acceptable excuse for avoiding her deposition -- and the Court has made clear that it is not -- this still would not justify

Plaintiff's unwillingness to supplement her disclosures or her apparent refusal to communicate with Defendant's counsel. These repeated failures to respond to discovery requests and abide by court deadlines have imposed sufficient costs on Defendant to constitute prejudice and justify dismissal. See In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1227-28 (9th Cir. 2006) (holding that "[f]ailing to produce documents" and "unreasonable delay" both inform the court's finding of prejudice).

Finally, applying the fourth and fifth factors of the analysis also counsels in favor of dismissal. Plaintiff's unwillingness to participate in discovery prevents the disposition of this case on its merits. Moreover, the Court has already sought less drastic measures by warning Plaintiff multiple times that her case could be dismissed if she continued to disregard her duty to prosecute her claims diligently.

Although courts often consider the strength of a plaintiff's case before dismissing for failure to prosecute, McHenry, 84 F.3d at 1178-79, Plaintiff's abdication of her discovery obligations here -- and her failure to respond to Defendant's motion -- has left a sparse evidentiary record that makes it difficult to evaluate the merits of her case. While Defendant, in its brief, highlights several potential shortcomings in Plaintiff's case, Mot. Dismiss at 10, the Court need not rely on these to find that Rule 41(b) is dismissal is appropriate here. Plaintiff's repeated failures to comply with her litigation responsibilities and with the Court's scheduling order provide sufficient justification for dismissing her case.

7

CONCLUSION

For the reasons set forth above, the Court GRANTS Defendant's motion to dismiss for failure to prosecute and failure to cooperate in discovery (Docket No. 45).  The Clerk shall enter judgment and close the file.  The parties shall bear their own costs.

IT IS SO ORDERED.

Dated: 11/16/2012

CLAUDIA WILKEN
United States District Judge